## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C.,, | ) | |
| Plaintiff | ) | Case No. 24-cv-04745 |
| vs. | ) | |
| MAULIK SHAH and MANC INC | ) | Jury Demanded |
| Defendants. | ) | |

## NOTICE OF FILING

To:
- Stephen M. Ferguson, 20 Gessner, Suite 940, Houston, TX 77024 (via email: stephen.ferguson@hnbllc.com)
- David M. Lewin, LEWIN VERVENIOTIS LAW GROUP, 120 North LaSalle, Suite 2600 Chicago, IL 60602 (via email: dml@lewver.com)

**PLEASE TAKE NOTICE** that on **January 29, 2025,** the undesigned submitted for e-filing with the Clerk of Court for the Northern District of Illinois, *Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment,* a copy of which is attached.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 29, 2025, he caused the above listed parties to be served by United States Postal Service by first class mail, postage prepaid, from 20 S. Clark Street, Suite 2120, Chicago, Illinois 60603, before 5:00 P.M. on that date, a copy of the foregoing Notice of Filing and Defendants' **Response in Opposition to Plaintiff's Motion For Summary Judgment**, or electronically by virtue of the CM/ECF system, as indicated above.

/s/ Adham Alaily

Adham Alaily
aalaily@ea-atty.com
EGAN & ALAILY LLC
20 S. Clark Street, Suite 2120
Chicago, Illinois 60603
(312) 253-8640
aalaily@ea-atty.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C.,, | ) | |
| Plaintiff | ) | Case No. 24-cv-04745 |
| vs. | ) | |
| MAULIK SHAH and MANC INC | ) ) | Jury Demanded |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants come through their attorney and in support of their response in opposition to the Plaintiff's motion for summary judgment states as follows:

**I.     Introduction**

Defendants Maulik Shah and Manc Inc. respectfully oppose the Plaintiffs' Motion for Summary Judgment. Plaintiffs have failed to meet their burden of proving that no genuine issue of material fact exists. Significant factual disputes remain, particularly concerning Defendants' alleged willful intent, the scope of Plaintiffs' allegations, and the interpretation of the Digital Millennium Copyright Act (DMCA). Therefore, the motion should be denied.

**II.    Argument**

A.     Plaintiffs Fail to Establish Absence of Material Disputes

1.     Circumvention and Technical Operations Are Not Clearly Established

Plaintiffs' allegations that Defendants trafficked in services that circumvent digital rights management (DRM) rely heavily on technical assertions about the functionality of set-top boxes (STBs) and software. These technical issues are complex and require expert testimony. Plaintiffs' reliance on subpoenaed records and summary descriptions does not establish clear evidence of circumvention. Furthermore, Plaintiffs base their allegation of the number of violations on alleged

sales data but fail to substantiate how these figures directly correspond to violations of the DMCA. This reliance on incomplete or misinterpreted payment records introduces significant material disputes.

2. Dispute Regarding Willfullness.

Willfulness is a question of fact. Abbott Labs. v. Sandoz, Inc., 532 F. Supp. 2d 996, 998 (N. Dist. IL 2007). A finding of willfulness requires a showing of objective recklessness by presentation of clear and convincing evidence. Id. Here, Plaintiffs assert Defendants willfully violated the DMCA, yet they fail to provide uncontested evidence demonstrating Defendants' knowledge or intent to circumvent security measures. Defendants dispute the claims that they knowingly engaged in any activity designed to violate Plaintiffs' rights.

3. Statutory Damages Sought Are Excessive and Unjustified

Plaintiffs' demand for $24,752,500 in statutory damages, based on $2,500 per alleged violation, is punitive and lacks evidentiary support. Statutory damages must align with the principles of fairness and proportionality. The DMCA allows for a range of $200 to $2,500 per violation, and Plaintiffs fail to justify the maximum award based on the facts presented. Furthermore, Plaintiffs assert that Defendants failed to heed the alleged cease and desist material, but the Plaintiffs do not establish the number of alleged violations that took place after the cease and desist was allegedly sent as compared to the violations that took place prior.

4. Plaintiffs' Request for a Permanent Injunction is Overbroad

Plaintiffs seek an injunction that broadly prohibits Defendants from engaging in any activity related to DRM circumvention, which would effectively preclude lawful business operations. Such an injunction is punitive and not narrowly tailored to address the specific conduct at issue.

### III.     Conclusion

Defendants respectfully request that this Court deny Plaintiffs' Motion for Summary Judgment in its entirety. Plaintiffs' failure to demonstrate the absence of genuine disputes of material fact and their reliance on speculative evidence warrant denial of their motion. Defendants further request that any award of damages, if granted, reflect fairness and proportionality.

WHEREFORE, Defendants respectfully request that this Court enter an order denying the motion for summary judgment, and for any other relief deemed just and equitable.

                                            Manc Inc. and Maulik Shah ,

                                            BY:              /s/ Adham Alaily
                                                      One of their attorneys

Adham Alaily
EGAN & ALAILY, LLC
20 S. Clark Street, 2120
Chicago, IL 60603
(312) 253-8640
aalaily@ea-atty.com